UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | | |
|---|---|---|---|
| LEONTA DEMON EPPS, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No. | 1:21-CV-118-DCLC-CHS |
| | ) | | |
| HAMILTON COUNTY JAIL SILVERDALE, | ) ) | | |
| | ) | | |
| Defendant. | ) | | |

**MEMORANDUM OPINION**

Pursuant to the Court's prior order [Doc. 3], Plaintiff, a prisoner proceeding pro se herein, has now supplemented his motion to proceed *in forma pauperis* [Doc. 2] by filing his inmate trust account certificate and statement [Doc. 5 p. 6–8], and filing a signed complaint [*Id.* at 1–5], which is now before the Court for screening. For the reasons set forth below, Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] will be **GRANTED**, and this action will be **DISMISSED**.

**I.      FILING FEE**

As it appears from Plaintiff's motion for leave to proceed *in forma pauperis* [*Id.*] and his inmate trust account certificate and statement [Doc. 5 p. 6–8] that he is unable to pay the filing fee, this motion will be **GRANTED**.

Because Plaintiff is an inmate of the Silverdale Detention Center, he will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 900 Georgia Avenue, Chattanooga, Tennessee 37402, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent

(20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this procedure, the Clerk will be **DIRECTED** to provide a copy of this memorandum opinion and the accompanying order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. COMPLAINT SCREENING

### A. Standard

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard that the Supreme Court set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Formulaic and conclusory recitations of the elements of a claim are insufficient to state a plausible claim for relief. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a claim upon which relief may be granted. *Twombly*, 550 U.S. at 570. However, courts liberally construe pro se pleadings and hold them to a less stringent standard than lawyer-drafted pleadings. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law deprived him a federal right. 42 U.S.C. § 1983.

**B.     Analysis**

In the substantive portion of his signed complaint, Plaintiff alleges only that correctional officers have falsely accused him of attempted murder, resulting in a pending charge against him for this crime [Doc. 5 p. 2–3]. As relief, Plaintiff seeks dismissal of the charge and payment for false imprisonment [*Id.* at 3].

However, in *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that, absent extraordinary circumstances, federal equity jurisdiction may not be used to enjoin pending state prosecutions, as states have a special interest in enforcing their own laws in their own courts. *Id.* at 44. This rule is "designed to permit state courts to try state cases free from interference by federal courts, particularly where the party to the federal case may fully litigate his claim before the state court." *Zalman v. Armstrong*, 802 F.2d 199, 205 (6th Cir. 1986) (internal quotations omitted). As such, federal courts should abstain from addressing a claim where: (1) a state proceeding is ongoing; (2) an important state interest is involved; and (3) the party has an adequate

opportunity to raise his constitutional challenges in the state proceeding. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, (1982); *Fieger v. Thomas*, 74 F.3d 740, 744 (6th Cir. 1996). As it is apparent that (1) the criminal proceeding against Plaintiff for attempted murder that is the subject of his complaint is ongoing and involves important state interests and (2) Plaintiff can raise his arguments set forth in his complaint in that action, *Younger* compels the Court to abstain from interfering with this state criminal matter, and Plaintiff's request for dismissal of this charge is not cognizable under § 1983.

Moreover, while Plaintiff also seeks relief for his alleged false imprisonment for the pending attempted murder charge, he has not set forth any factual allegations to support such a claim. *Voyticky v. Vill. of Timberlake*, 412 F.3d 669, 677 (6th Cir. 2005) (providing that a claim for false imprisonment and arrest under § 1983 requires a plaintiff to establish that officers lacked probable cause for the imprisonment or arrest). Accordingly, his complaint fails to state a claim upon which relief may be granted under § 1983 for false imprisonment.

### III. CONCLUSION

For the reasons set forth above:

1. Plaintiff's motion for leave to proceed *in forma pauperis* [Doc. 2] will be **GRANTED**;

2. Plaintiff will be **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk will be **DIRECTED** to provide a copy of this memorandum and order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Even liberally construing the complaint in favor of Plaintiff, it fails to state a claim upon which relief may be granted under § 1983;

6. Accordingly, this action will be **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and

7. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**SO ORDERED**.

**ENTER:**

                                                s/Clifton L. Corker
                                                United States District Judge